## The Rob Roy.

*(District Court, W. D. Tennessee. March 26, 1887.)*

MARITIME LIENS — SEAMEN'S WAGES — SET-OFF — PAYMENTS IN CHARGES FOR WHISKY AND TOBACCO.
  Where a settlement was made with one of the crew, and excessive charges were made for whisky and tobacco furnished at the bar of the boat, *held*, that a court of admiralty would not sanction the settlement or the charges, but would reduce the set-off to a reasonable allowance for these articles.

In Admiralty.
*Hu C. Anderson*, for libelant.
*H. C. Warinner*, for claimant.

HAMMOND, J., (*orally.*) This man was under the protection of the master, and his wages cannot be paid in chips and whetstones. The master will not be permitted to keep a store or bar, and tempt the crew to indulge in whisky and tobacco, or other like articles, at whatever price, and to whatever extent, they may be induced to spend their wages with the boat or bar. If this were permitted, the owner or master could very readily absorb the wages, and, by extravagant prices and abundant sales, compel the crew to work for less than their contract wages. The con-

tract for wages and settlements made are subject to the supervision of the court, and it will not tolerate such practices. It is true allowances of grog are made for seamen, and we do not proceed upon any temperance theories of prohibition, as suggested by counsel; but these allowances are usually a part of the supplies furnished to the seaman, like his food; and it is quite another thing to carry a bar, and tempt the improvident and intemperate seaman to indulge his appetite for the profit of the master, the owner, or the bar-keeper, to say nothing of the danger to safe navigation by such practices, and the morals of it. The court will protect the seaman, against the master and owners, from the reduction of his wages, or their wasteful expenditure under such temptations. Only a reasonable allowance can be credited, and I will credit that amount which this libelant has expressed a willingness to allow, although I think that extravagant; but the proof is very unsatisfactory, and I do not know how otherwise to determine it. The claimant here was himself substantially the master, and the bar belonged to him. He had a traveling theater or variety show afloat with the boat, and the character of the enterprise was calculated to allure this already intemperate mate to indulge freely and waste his money. No court of admiralty should sanction such charges, and I am almost inclined to disallow them altogether; but forbear to go that far, as we are not engaged in any punishment or discipline of the master in this proceeding, but only in enforcing a contract between the parties.